**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CAREY MARTIN,  )  | |
|    Plaintiff,  ) | 1:10-cv-2611 |
|                  ) | |
|    v.  ) | |
|                  ) | |
| MIDLAND CREDIT MANAGEMENT, INC.  ) | **Jury Demanded** |
|    Defendant.  ) | |
|                  ) | |
|                  ) | |

## COMPLAINT

1. Plaintiff Carey Martin brings this action to secure redress for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

## JURISDICTION AND VENUE

2. This Court has federal question subject matter jurisdiction over the FDCPA and TCPA claims under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k.

3. Venue is proper because a substantial portion of the events complained of occurred in this District.

## PARTIES

4. Nicholas Martin is an individual who resides in this district.

5. Defendant Midland Credit Management ("MCM") is a Kansas corporation with its principal place of business at 8875 Aero Drive, Suite 200, San Diego, CA 92123. MCM transacts business in Illinois. Its registered agent and office are Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703. This corporation does many of the day-to-day debt collection operations for Encore.

1

## **FACTS**

6. Midland called plaintiff numerous times to plaintiff's landline telephone.

7. Upon information and belief, those calls were in error. Plaintiff is aware of no debt owed to Midland. Upon information and belief, Midland was attempting to contact a relative of plaintiff, with whom plaintiff does not live and plaintiff does not share a telephone.

8. Midland's calls were made with a telephone system that dialed plaintiff's telephone number without human intervention.

9. Midland left at least thirteen times within one year of the filing of this complaint. Upon information and belief, Midland used its Dialer to dial plaintiff's cell phone number for each of those calls.

10. Midland also manipulated the caller ID for these calls.

11. For some of the calls, Midland manipulated the caller ID so that it showed that the call was coming from Illinois.

12. For other calls, Midland manipulated the Caller ID so that it showed that the call was coming from "unknown."

13. For each of these calls, the second line of the caller ID indicated that the calls were coming from the 847 area code, which is a local area code.

14. Upon information and belief, Midland does not have any offices within the geographical 847 area code.

15. Upon information and belief, based upon Exhibit A, an official document filed with the State of Texas which supposedly lists the geographical location of all of Midland's dialers, Midland does not have any dialer located in Illinois.

16. Many of the phone messages left failed to identify Midland, such that plaintiff did not know what entity was calling.

17. During one telephone call, upon information and belief, a representative of Midland told plaintiff that she was a "friend" of the alleged debtor, plaintiff's son. The representation that the caller was a friend of plaintiff's son was untrue.

18. The following is a chart of the calls and caller ID saw. Upon information and belief, this chart is reasonably accurate as to the time and date of the calls, and is accurate as to the caller ID Midland intended its calls to show:

| Date | Time | First Line of Caller ID | Second Line of Caller ID |
|---|---|---|---|
| 7-May | 11:20 AM | PRIVATE | 8476310800 |
| 13-May | 11:25 AM | PRIVATE | 8476311310 |
| 18-May | 12:04 PM | 847-631-1698 | 8476311698 |
| 18-May | 5:19 PM | PRIVATE | 8476310920 |
| 11-Jun | 6:08 PM | ILLINOIS | 8476311698 |
| 6-Jul | 4:08 PM | ILLINOIS | 8476314977 |
| 7-Jul | 10:26 AM | ILLINOIS | 8476311838 |
| 13-Jul | 6:31 PM | ILLINOIS | 8476310800 |
| 13-Jul | 8:31 PM | ILLINOIS | 8476310920 |
| 15-Jul | 2:55 PM | ILLINOIS | 8476311862 |
| 15-Jul | 8:00 PM | ILLINOIS | 8476311699 |
| 16-Jul | 9:29 AM | ILLINOIS | 8476312785 |
| 16-Jul | 2:45 PM | ILLINOIS | 8476311310 |

**COUNT I - FDCPA**

19. Plaintiff incorporates all previous paragraphs.

20. 15 U.S.C. §1692d(6) requires that a debt collector making a telephone call provide meaningful disclosure of the caller's identity:

> **A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.**

3

**Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**\*\*\*\***

**(6) Except as provided in section [1692b] of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.**

21. Defendant's voice messages were "communications" for purposes of debt collection within the meaning of the FDCPA, and defendant was required to make the disclosures required by 15 U.S.C. §§ 1692d(6) and 1692e(11). *Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350 (11th Cir. 2009), *Ramirez v. Apex Fin. Mgt., LLC*, 567 F. Supp. 2d 1035 (N.D. Ill. 2008); *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Leyse v. Corporate Collection Servs.,* 03 Civ. 8491 (DAB), 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006); *Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

22. Misrepresentations to the recipient of a debt collection call in connection with collection of a debt, including violates numerous sections of the FDCPA, including section 1692e.

23. Some or all of defendant's voice message for Plaintiff did not make a meaningful disclosure of the caller's identity.

24. Manipulating the caller ID for collection calls is a violation of 15 U.S.C. §1692e.

WHEREFORE, plaintiff requests this Honorable Court to enter judgment in favor of plaintiff and against defendant for:

      a. Statutory damages;

      b. Attorney's fees, litigation expenses and costs of suit; and

      c. Such other relief as the Court deems proper.

**COUNT II - TCPA**

25. Plaintiff incorporates all previous paragraphs.

26. Plaintiff has no relationship with Midland.

27. The TCPA, 47 U.S.C. §227(b), prohibits calling a person on their landline telephone using an autodialer or prerecorded message where there is not preexisting relationship between the caller and the called party, including in situations where the caller is a debt collection agency and the recipient of the calls is not the debtor. *Watson v. NCO Group, Inc.*, 462 F. Supp. 2d 641, 646-647 (E.D. Pa. 2006).

28. Midland therefore violated the TCPA each time it called plaintiff using an autodialer or prerecorded message.

WHEREFORE, plaintiff requests that this Court enter judgment in his favor and against defendant for:

    a. Statutory damages;

    b. Costs of suit; and

    c. Any other relief the Court deems fit.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**JURY DEMAND**

Plaintiff demands trial by jury.

/s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**Document Preservation Demand**

Demand is hereby made to defendant to preserve all documents (including recordings), data, information and other things that relate in any way to this lawsuit, plaintiff or her family members, including her son, Nicholas Martin, and any account number or other designation relating to them.

/s/Alexander H. Burke